# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR415-188 |
| | ) | |
| LAMARLVIN WATTS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The Court ordered a competency examination of defendant Lamarlvin Watts after finding reasonable cause to suspect his mental competency to understand the proceedings against him or to properly assist in his defense. Doc. 25. After evaluating Watts at Miami Federal Detention Center, the forensic psychologist concluded that

> . . . [w]hile the true extent of his legal knowledge and abilities was difficult to determine given his uncandid presentation, he demonstrated no symptoms of an active mental illness that would interfere with his rational understanding of the proceedings or his ability to assist toward his defense. Throughout the evaluation, the defendant's behavior appeared purposeful and under his volitional control. The defendant is able to comport his behavior to appropriate standards in the courtroom and other legal venues. Despite the defendant's lack of candor on testing, he failed to exhibit any indications of objective cognitive or psychiatric impairment that would interfere with an understanding of

> the legal process or his ability to assist in his own defense. The defendant appears to have a sufficient understanding of the legal process and a capacity to assist in his own defense, if motivated to do so.
>
> [¶]
>
> Hence, the defendant's degree of trial competency is satisfactory, and it is recommended that Mr. Watts be found Competent to Stand Trial.

Doc. 35 at 13. Furthermore, "the defendant's history, current mental state, and collateral information do not suggest the presence of a severe mental illness that would impair his ability to understand the nature and quality or the wrongfulness of his action," and "it is the examiner's opinion that Mr. Watts was criminally responsible for his behavior at the time of the offense." *Id.* at 14.

Defendant and counsel for the parties stipulated to the report's findings and conclusions at the September 29, 2016 hearing. Doc. 54. Watts also withdrew his insanity defense. *Id.* Based upon the unrebutted psychological evidence, as well as his conduct at the hearing,[1] the Court finds by a preponderance of the evidence that defendant is mentally competent to stand trial. He was able to understand the nature

---

[1] Watts came to the hearing prepared with notes and suggestions for alternative legal strategies that demonstrated to the Court, at a minimum, that he is capable of understanding the charges against him and assisting in his defense.

2

and consequences of his actions at the time of the alleged offense, and is able to understand the proceedings against him and assist properly in his defense.

It is therefore **RECOMMENDED** that the defendant be held competent to stand trial. This finding shall not prejudice the defendant in raising the issue of his insanity as a defense to the offense charged, however, and shall not be admissible as evidence at trial for the offense charged. 18 U.S.C. § 4241(f).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The

3

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Michell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __13th__ day of October, 2016.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA