IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA, )
)
v. ) CASE NO. CR415-188
)
LAMARLVIN WATTS, also known as )
Lamarlvin Arkeena Watts, )
)
Defendant. )
)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 55), to which Defendant has filed objections (Doc. 57). Defendant argues that the statements he made to investigators on July 15, 2015 should be suppressed. (Doc. 28 at 1.) Specifically, he contends that although he was advised of and waived his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), the waiver was not made voluntarily or in a knowing and intelligent manner. (Doc. 28.) Defendant points to his history of mental illness to support this argument. (Id. at 2-3.)

A waiver of Miranda rights is considered not voluntary when "coercive police activity" exists. Colorado v. Connelly, 479 U.S. 157, 167 (1986). In this case, there is no evidence that Defendant's waiver was coerced by threats or intimidation, or by any action of investigators designed to take advantage of Defendant's mental state. See Miller v. Dugger, 838 F.2d 1530,

1536 (11th Cir. 1988) ("Voluntariness is determined by an assessment of the totality of the circumstances, but that assessment must include an element of official overreaching to warrant a conclusion that a confession is involuntary under constitutional law."). Likewise, nothing in the record indicates that Defendant's waiver was not made in a knowing and intelligent manner. The Court acknowledges Defendant's limited education and history of irregular behaviors, however, this history alone is not enough to warrant suppression. See United States v. Barbour, 70 F.3d 580, 585 (11th Cir. 1995) (finding depression and use of medication did not impair defendant's ability to understand rights). Defendant appeared lucid and responsive during his interview. He indicated clearly that he understood his rights when they were explained to him. Moreover, he continued speaking with the investigators voluntarily. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case. Defendant's Motion to Suppress (Doc. 28) is **DENIED**.

SO ORDERED this 9th day of November 2016.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA