FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2017 FEB 24 AM 10:40

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. CR415-188 |
| | ) | |
| LAMARLVIN WATTS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## O R D E R

Before the Court is Defendant's Renewed Motion for Judgment of Acquittal and Motion for New Trial. (Doc. 104.) For the following reasons, Defendant's motion is **DENIED**.

### BACKGROUND

Defendant was indicted on October 8, 2015 and was charged with one count of armed bank robbery and one count of using, carrying, and brandishing a firearm during a crime of violence. (Doc. 8.) He was arraigned on October 28, 2015. (Doc. 17.) His attorney requested a medical exam on October 30, 2015. (Doc. 22.) On November 4, 2015, the Court granted that request and ordered that Defendant undergo a mental evaluation. (Doc. 25.) During the next few months, Defendant underwent the required mental evaluation. On November 11, 2016, the Court adopted (Doc. 59) a Report and Recommendation (Doc. 58) finding that Defendant was competent to stand trial. Defendant's case was brought to trial on January 10, 2017.

During the first day of trial the Government provided evidence that a Wells Fargo Bank was robbed on July 14, 2015 by an African-American male who brandished a .22 caliber pistol. The robber was wearing a yellow ball cap and a camouflage bandana. While the hat and bandana partially obscured the robber's face, videotaped evidence of the crime indicated that the robber was wearing distinctive shoes, blue gloves, and had tattoos. The tattoo visible on the video was on the side of his neck. The Government explained that Defendant was arrested the day after the robbery. At the time of his arrest, Defendant was in the possession of $300 in cash, a .38 caliber weapon, .38 and .22 caliber ammunition, and shoes and a blue glove similar to the ones worn by the bank robber. Defendant was also shown to have two tattoos on his face. While the tattoos were slightly different than as shown in the video of the robbery, the Government showed that Defendant had altered the tattoos shortly after the robbery. The Government further explained that Defendant had the tattoos altered by a friend, and proffered evidence of the text messages between Defendant and his friend discussing the tattoos. Finally, the Government provided evidence of the similarity between the tattoo shown on the video of the bank robbery and the altered tattoos on Defendant's face.

On the second day of trial, Defendant indicated his intent to proceed pro se and forego the aid of his appointed attorney.

Outside of the presence of the jury, the Court admonished Defendant, explained the consequences of proceeding pro se, and ensured that Defendant's choice was knowing and voluntary. Defendant was adamant that he understood the rights and privileges he was foregoing and that he was freely choosing to dismiss his appointed attorney. After an extended colloquy, the Court allowed the Defendant to proceed pro se. However, the Court did not relieve his appointed attorney who remained present at trial as stand-by counsel. After the Court granted Defendant's request to proceed pro se, Defendant requested a continuance to allow him additional time to prepare. The Court denied Defendant's request and the trial resumed.

After the denial of Defendant's request for a continuance, the jury returned to the courtroom. The Government offered two more witnesses in their case-in-chief and both the Government and Defendant chose to rest their cases. At that time, Defendant moved for a directed verdict. After a brief recess, Defendant offered his own closing statement. The jury returned a verdict of guilty on all counts.

On January 19, 2017, Defendant directed his counsel to file a Motion for Judgement of Acquittal and New Trial. (Doc. 104.) In the motion, Defendant requests a judgement of acquittal, or alternatively, a new trial because the Government failed to prove guilt beyond a reasonable doubt, the verdict was contrary

3

to the evidence and unsupported by evidence, the verdict was decidedly wrong and strongly against weight of the evidence, the verdict was contrary to law and the principles of justice, and Defendant was unreasonably denied a continuance and opportunity to prepare his defense after informing the Court he wished to proceed without his appointed counsel. (Id.)

**ANALYSIS**

In considering a motion for acquittal under Federal Rule of Criminal Procedure 29, the Court views the evidence in the light most favorable to the verdict. United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989). The issue before the Court is "whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." Id. (citing United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987)). Essentially, the goal is preventing verdicts based wholly upon "speculation and conjecture." United States v. Kelly, 888 F.2d 732, 741 (11th Cir. 1989).

The Court may grant a defendant's motion for a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). Where a defendant moves for a new trial based on improperly admitted evidence, the defendant must show that an objection was properly preserved, the court abused its discretion in admitting or rejecting the evidence, and the error was prejudicial to the defendant. United States v. Stephens, 365

4

F.3d 967, 974 (11th Cir. 2004). Motions for new trials based on other trial errors must demonstrate that the error created circumstances that rendered the trial prejudicially unfair. See United States v. Prunick, 273 F. App'x 807, 808 (11th Cir. 2008) (affirming decision to grant new trial where joinder of pornography counts with other charges resulted in prejudicially unfair trial); United States v. Martinez, 763 F.2d 1297, 1315 (11th Cir. 1985) (rejecting defendant's motion for new trial based on discovery violation because violation did not render trial "fundamentally unfair").

In his motion for acquittal or for new trial, Defendant provides no support for his allegations that the Government failed to prove guilt beyond a reasonable doubt; or that the verdict was contrary to the evidence, decided wrongly, without evidence, or contrary to law and the principles of justice. After a review of the evidence presented to the jury, the Court concludes that there was more than sufficient evidence provided to support the finding that Defendant was guilty beyond a reasonable doubt. Accordingly, the Court can find no cause to overturn the jury's verdict on those grounds.

The Court's refusal to grant Defendant's request for a continuance is also not sufficient to overturn the jury's verdict. "The Sixth Amendment right to counsel guarantees a defendant both a fair opportunity to be represented by counsel

5

of his choice and a sufficient time within which to prepare a defense." United States v. Baker, 432 F.3d 1189, 1248 (11th Cir. 2005) (abrogated on other grounds by Davis v. Washington, 547 U.S. 813 (2006)). "Under certain circumstances, denial of a motion for continuance of trial may vitiate the effect of this fundamental right." United States v. Verderame, 51 F.3d 249, 251 (11th Cir. 1995). "Determining when such a denial would be 'so arbitrary as to violate due process' involves a case-specific inquiry, focusing on the rationales cited by the party seeking the continuance." United States v. Walford, 295 F. App'x 354, 356 (11th Cir. 2008) (citing Verderame, 51 F.3d at 1248). In considering a denial of a continuance for inadequate preparation, the Court evaluates "the quantum of time available for preparation, the likelihood of prejudice from denial, the accused's role in shortening the effective preparation time, the degree of complexity of the case, and the availability of discovery from the prosecution." United States v. Garmany, 762 F.2d 929, 936 (11th Cir. 1985) (citations and internal quotations omitted). Moreover, Defendant must identify at least some "relevant, non-cumulative evidence that would have been presented" if the Court had granted his request for a continuance. United States v. Saget, 991 F.2d 702, 708 (11th Cir. 1993)

Defendant decided to proceed pro se on the second day of his two-day trial when only two witnesses remained to testify. Defendant made this decision although he was warned of the consequences and admonished that it was not in his best interests. Although Defendant chose to proceed pro se, the Court did not relieve Defendant's attorney. Defendant had a well-prepared attorney available who had more than adequate time to prepare for a jury trial and who had reviewed all discovery. Moreover, the case was not particularly complex and Defendant has not indicated that he would have presented additional evidence. The Court concludes that the denial of a continuance in the middle of trial after Defendant's last minute decision to proceed pro se neither rendered his trial prejudicially unfair nor violated his constitutional rights.

## CONCLUSION

For the foregoing reasons, Defendant's Renewed Motion for Judgment of Acquittal and Motion for New Trial (Doc. 104) is **DENIED**.

SO ORDERED this 23rd day of February 2017.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

7