UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CR415-188 <br> CV419-078 |
| LAMARLVIN WATTS, | ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the Court are defendant's motion to amend, doc. 155, and the Government's motion to dismiss, doc. 154, defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, doc. 149.[1] For the following reasons, the Court **RECOMMENDS** that defendant's motion to amend be **DENIED** and that the Government's motion to dismiss be **GRANTED**.

## BACKGROUND

---

[1] The Court is citing to the criminal docket in CR415-088 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

After a jury trial, defendant was convicted of one count armed bank robbery, 18 U.S.C. §§ 2133(a) and (d), and one count of use, carry, and brandish a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii). Doc. 100.  He was sentenced to 64 months of incarceration on the robbery charge and 84 months on the firearm charge.[2]  Doc. 112 at 2.  Plaintiff filed an appeal with the Eleventh Circuit, arguing that his guilt was not proven beyond a reasonable doubt, that he was denied the right to testify on his own behalf, and that the obstruction of justice enhancement was inappropriately applied in calculating his sentence.  *See United States v. Watts*, No. 17-12066 (11th Cir. Dec. 20, 2017) (appellant's brief).  The appeal was denied.  *See United States v. Watts*, No. 17-12066 (11th Cir. July 24, 2018) (opinion of the appellate court).

Defendant timely filed his § 2255 motion, which challenged two enhancements applied during his sentencing calculation for obstructing justice and for the use of a firearm.  Doc. 149 at 3–6; doc. 149-1.  Less than a month after filing his § 2255 motion, defendant filed a motion to supplement his § 2255 motion to include a request that four months be

---

[2] Plaintiff was also sentenced to a period of five years post-incarceration supervised release on each count and ordered to pay restitution in the amount of $2,397 and a special assessment of $200.  Doc. 112 at 3–7.

removed from this sentence, asserting that the period was "oversentencing [sic]" and "detrimental to [his] person." Doc. 151. The Court granted the motion to supplement. Doc. 152.

In lieu of a response, the Government filed a motion to dismiss defendant's § 2255 motion. *See* doc. 154. In doing so, it argued that defendant's theories relating to errors in the application of the sentencing guidelines are not cognizable under § 2255 and, even if they were, defendant's objection to an enhancement based on his possession of a firearm is based on a misunderstanding of the sentencing calculation. *See* doc. 154. Six months after the Government's motion to dismiss, defendant filed a motion to amend. Doc. 155. Defendant's amendment did not respond to the Government's dismissal argument, but instead presents a non-sensical and nearly incoherent allegation referencing probable cause and the fifth amendment. *Id*. at 1–2. The government filed an objection to the defendant's motion to amend on the basis that it is untimely. Doc. 156.

## DISCUSSION

### I.   Motion to Amend

Defendant's motion to amend (doc. 155) should be denied as it is untimely. A motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 must be filed within one-year of either:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Judgment was entered against defendant on April 28, 2017. Doc. 112. He filed a notice of appeal six days later, on May 4, 2017, tolling the deadline for seeking habeas relief. Doc 113. The clock began to again run, however, on July 24, 2018, when the Eleventh Circuit denied the appeal. Doc. 146. As such the deadline for filing defendant's § 2255 motion was July 18, 2019.[3] Defendant's § 2255 motion was filed before

---

[3] Defendant's motion to amend includes a refence to his assignment to a special management unit and the denial of access to his property. Doc. 155 at 2. It is unclear if this is meant as an excuse for the delay in filing or the informality of motion. Regardless, though governmental action that hinders a defendant's ability to file a habeas motion might extend the deadline for filing, 28 U.S.C. § 2255(f)(2), defendant has offered only vague and conclusory references in support of his motion, *see* doc. 155 at 2. Therefore, he has failed to carry his burden in demonstrating that the deadline should be extended. Even if had had provided a more detailed and clear argument, the

this deadline. Doc. 149 (filed April 11, 2019). His motion to amend, however was not. Doc. 155 (filed March 9, 2020).

Under the Federal Rules of Civil Procedure, "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."[4] Fed. R. Civ. P. 15(c)(2). In a § 2255 motion, "the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). Defendant's motion to amend, construed charitably, challenges whether the evidenced adduced by the government met the beyond-a-

---

circumstances of his incarceration alone do not warrant tolling of the statute of limitations. *See Miller v. Fla.*, 307 F. App'x. 366, 368 (11th Cir. 2009) (allegation that prisoner was placed on "close-management status" alone did not merit equitable tolling); *Akins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000) (restricted access to a law library and placement on lockdown were not sufficient impediments to filing the filing of a § 2255 motion absent a showing that they were unrelated to legitimate penological interest or resulted in actual injury).

[4] Though occupying the interstitial space between civil and criminal proceeding, habeas proceedings are subject to the Federal Rules of Civil Procedure. *See* Rule 12 of the Rules Governing § 2255 Proceedings ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provision of these rules, may be applied to a proceeding under these rules.").

reasonable-doubt standard. Doc. 155 at 1. This does not arise out of the same circumstances as the § 2255 motion, which is based on the calculation of defendant's sentence. Doc. 149. Therefore, defendant's motion to amend should be **DENIED**.

## II. Motion to Dismiss

The Government's motion to dismiss defendant's § 2255 motion should be granted. It offers three theories in support of its motion to dismiss: that errors in the application of the sentencing guidelines, like those alleged by defendant, are not cognizable under § 2255; that the arguments are procedurally defaulted; and that, even if the claims were cognizable, the sentencing guidelines were properly applied. *See* doc. 154. As an initial matter, defendant's habeas motion fails to satisfy the requirements for pleadings. The rules governing § 2255 motions impose the heightened standard of "fact pleadings," as opposed to "notice pleadings." *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) (in discussing provisions of the Rules Governing § 2254 Proceedings substantively identical to Rule 2(b) of the Rules Governing § 2255 Proceedings, "[h]abeas corpus petitions must meet heightened pleading requirements, see 28 U.S.C. § 2254, Rule

2(c)."). This means that defendant's motion must include a clear statement of (1) all grounds for relief available; (2) the facts supporting each ground; and (3) the relief requested. R. Governing § 2255 Proceedings, Rule 2(b)(1)–(3).

Defendant's motion lands well below this minimum standard. Though utilizing the standard form and appending an additional page, the motion is little more than a recitation of his sentence, cursory suggestions that enhancements were incorrectly applied, and a citation to a case from another circuit. *See* doc. 149; doc. 149-1. He does not include factual support for his argument, nor a statement of the relief sought.[5] *See* doc. 149. His motion also omits relevant information, such as why the arguments asserted were not previously raised on appeal. Doc. 149 at 3 & 4.

Even if the motion was adequately pleaded, the arguments raised are not cognizable under § 2255. Charitably construed, defendant's motion and supplement assert multiple theories for how enhancements were improperly applied to his sentence. The only objection to his sentence

---

[5] Defendant's supplement includes a request that "the extra 4 months [] be removed" because it is "oversentencing [sic]." Doc. 151 at 2.

raised at the appellate stage, however, concerned the application of an obstruction of justice enhancement. *See United States v. Watts*, Co. 17-12066 (11th Cir. Dec. 20, 2017) (Appellant Brief). Defendant cannot now assert new theories to collaterally attack his sentence. *See United States v. Coley*, 336 F. App's 933, 936 (11th Cir. 2009) (alleged sentencing guideline violations that could have been but were not raised on direct appeal were not cognizable under § 2255.).

His objection to the application of the obstruction of justice enhancement is also not cognizable under § 2255. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (internal quotation omitted). Defendant's challenge to the calculation of his sentence does not rise to the level of a constitutional challenge and is, therefore, not cognizable under § 2255. *See Spencer v. United States*, 773 F.3d 1132, 1140 (11th Cir. 2014) ("A misapplication of advisory sentencing guidelines, in contrast, does not violate an "ancient" right, nor does it raise constitutional concerns.").

Even if a misapplication of the federal sentencing guidelines did qualify as deprivation of a constitutional right, defendant's sentence does not amount to a "miscarriage of justice" warranting habeas relief. Defendant was convicted of bank robbery, which carries a statutory maximum sentence of 25-years imprisonment. 18 U.S.C. § 2113(d). On this charge, he received a sentence of 64 months. Doc. 112 at 2; doc. 135 at 24. He was also convicted on brandishing a weapon during the commission of the robbery, which does not carry a statutory maximum sentence but, rather, a minimum sentence of seven years. 18 U.S.C. § 924(c)(1)(A)(ii). The district judge sentenced defendant to the minimum period of incarceration on this charge. Doc. 112 at 2; doc. 135 at 24. Defendant cannot collaterally attack his sentence as constitutionally violative where it is consistent with the periods of incarceration provided by statute. *See Kett v. United States*, 722 F.2d 687, 690 (11th Cir. 1984) (sentence within the statutorily prescribed penalty range is "insulated from section 2255 review."). As such, the Government's motion to dismiss defendants § 2255 motion should be **GRANTED**.

## CONCLUSION

In summary, the Court **RECOMMENDS** that defendant's motion to amend be **DENIED**, doc. 155, and that the Government's motion to dismiss be **GRANTED**, doc. 154.  Defendant has also filed a motion to expedite.  Doc. 157.  It is unclear what specific aspect of his § 2255 action he wishes to hasten, but as the habeas request has been fully disposed, the motion to expedite should be **DENIED as moot**.  Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time

to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 14th day of August, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA