IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR415-188 |
| ) | |
| LAMARLVIN WATTS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## O R D E R

Before the Court is Defendant Lamarlvin Watts's Motion for Compassionate Release (Doc. 161) and the Government's Motion to Dismiss, and Alternatively, Response in Opposition (Doc. 164). For the following reasons, the Government's motion (Doc. 164) is **GRANTED** and Defendant's motion (Doc. 161) is **DISMISSED**.

### BACKGROUND

In January 2017, a jury found Defendant guilty of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and the knowing use, carrying, and brandishing of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 100.) Defendant was sentenced to 148 months' imprisonment. (Doc. 112 at 2.) The Eleventh Circuit affirmed his conviction and sentence on appeal. United States v. Watts, 896 F.3d 1245, 1249 (11th Cir. 2018). According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at United States Penitentiary ("USP") Thomson located in Thomson, Illinois,

with a projected release date of April 21, 2026. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on February 3, 2021).

## ANALYSIS

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic and, in the alternative, requests to be placed on home confinement. (Doc. 161 at 1-2.) The Government argues that the Court should dismiss Defendant's motion because Defendant has failed to fully exhaust his administrative remedies. (Doc. 164 at 11.) Alternatively, the Government argues that, even if the Court finds that Defendant has exhausted his administrative remedies, his motion should be denied because he has not presented extraordinary and compelling circumstances justifying release. (Id. at 12.) The Court finds that Defendant's motion is due to be dismissed.

I. HOME CONFINEMENT

First, to the extent Defendant is seeking an order from this Court placing him on home confinement, his request is due to be dismissed. A request for home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020, is different than a request for sentence reduction based upon compassionate release. Under Section 12003(b)(2) of the CARES Act, if the Attorney General finds that emergency conditions will materially affect the functioning

2

of the BOP, the BOP is permitted to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." United States v. Allen, No. 2:14-cr-024, 2020 WL 2199626, at *1 n.1 (S.D. Ga. May 6, 2020). Thus, the BOP is utilizing its authority under 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541—not the compassionate release provision of 18 U.S.C. § 3582(c)—to effectuate the Attorney General's directive to the BOP regarding home confinement in connection with the CARES Act. Id. at *1. This Court lacks the authority to order the BOP to release a prisoner on home confinement. See United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (explaining that under 34 U.S.C. § 60541(g)(1)(A) the Attorney General "may" release eligible elderly offenders, and the district court was without jurisdiction to grant relief); see also Allen, 2020 WL 2199626, at *1 ("These statutes do not authorize a federal court to order the BOP to release a prisoner."); United States v. Greene, No. CR 116-056, 2020 WL 3316987, at *1 (S.D. Ga. June 18, 2020). Thus, to the extent Defendant is seeking an order from this Court placing him on home confinement, Defendant's motion is **DISMISSED**.

3

## II. COMPASSIONATE RELEASE

Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 161 at 1.) 18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court

4

is constrained by the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D).

As highlighted by the Government, Defendant has not demonstrated that he has fully exhausted his administrative remedies with the BOP as required by § 3582(c)(1)(A). (Doc. 164 at 11.) In his motion, Defendant has neither stated nor shown that he submitted a reduction in sentence ("RIS") request or a request for compassionate release to the Warden of USP Thomson. The Court may only entertain Defendant's motion after Defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Defendant neither fully exhausted

his appeals nor did thirty days lapse from the Warden's receipt of his request without a response. As a result, Defendant's motion is **DISMISSED**. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."); United States v. Bryant, No. CR416-345, 2020 WL 4939119, at *2 (S.D. Ga. Aug. 24, 2020); United States v. Bevans-Silva, No. CR 416-352, 2020 WL 2475079, at *1 (S.D. Ga. May 13, 2020).

## CONCLUSION

For the foregoing reasons, the Government's motion to dismiss (Doc. 164) is **GRANTED** and Defendant's motion for compassionate release (Doc. 161) is **DISMISSED**.

SO ORDERED this 3rd day of February 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA