IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR415-188 |
| ) | |
| LAMARLVIN WATTS, ) | |
| ) | |
| Defendant. ) | |

# O R D E R

Before the Court is Defendant Lamarlvin Watts's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 168), which the Government has opposed (Doc. 169). For the following reasons, Defendant's motion is **DENIED**. (Doc. 168.)

## BACKGROUND

In January 2017, a jury found Defendant guilty of armed bank robbery in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2113(d) and using, carrying, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 100.) Defendant was sentenced to 148 months' imprisonment. (Doc. 112 at 2.) According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at United States Penitentiary Big Sandy located in Inez, Kentucky, with a projected release date of July 4, 2026. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 11, 2023).

**ANALYSIS**

Defendant seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) based on his mental illness and the COVID-19 pandemic; his age and the percentage of his sentence that he has served; his age at the time of his offense; and an alleged sentencing guidelines error. (Doc. 168 at 1.) The Government opposes Defendant's request on the grounds that Defendant has not exhausted his administrative remedies, none of his arguments qualify as extraordinary and compelling reasons under U.S.S.G. § 1B1.13, and the factors set forth in 18 U.S.C. § 3553(a) weigh against releasing Defendant. (Doc. 169 at 10-18.) The Court finds that Defendant's motion is due to be denied.

I. <u>Eligibility for Compassionate Release</u>

18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration" and "[p]roposed release plans, including where the

2

inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

As an initial matter, the Government argues that Defendant has not administratively exhausted his claims. (Doc. 169 at 11.) "[T]he exhaustion requirement for a prisoner filing a motion under § 3582(c)(1)(A) is a non-jurisdictional claim-processing rule that may be forfeited by the government." United States v. Johnson, No. 20-13245, 2021 WL 3140306, at *2 (11th Cir. July 26, 2021) (per curiam) (citing United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021)). Here, the Government raised the issue, and Defendant has not shown that he exhausted his administrative remedies. Accordingly, the Court finds that Defendant has not exhausted his administrative remedies as required by § 3582(c)(1)(A). For this reason, the Court must deny Defendant's motion. Nevertheless, even assuming that Defendant exhausted his administrative remedies, the Court will explain why Defendant has not alleged extraordinary and compelling reasons sufficient to reduce his term of imprisonment.

II. Extraordinary And Compelling Reasons

Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling

3

reasons" exist and the defendant does not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances.[1] U.S.S.G. § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. U.S.S.G. § 1B1.13 n.1(D). As for this provision, the United States Court of Appeals for the Eleventh Circuit has explained that district courts are precluded "from finding extraordinary and compelling reasons within the catch-all provision beyond those specified by the

---

[1] In United States v. Bryant, 996 F.3d 1243, 1262 (11th Cir. 2021), the United States Court of Appeals for the Eleventh Circuit determined "that 1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A)[, and] district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." Accordingly, this Court will consider the policy statements in § 1B1.13 in deciding whether Defendant's arguments qualify as extraordinary and compelling reasons for compassionate release.

4

Sentencing Commission in Section 1B1.13." United States v. Giron, 15 F.4th 1343, 1347 (11th Cir. 2021) (citing United States v. Bryant, 996 F.3d 1243, 1263-65 (11th Cir. 2021)).

In seeking compassionate release, Defendant claims that his mental illness continues to affect his imprisonment.[2] (Doc. 168 at 1.) Even if Defendant did have unmanaged conditions that increased his risk of experiencing severe COVID-19 symptoms, Defendant's medical records indicate he has received both doses of the COVID-19 Pfizer-BioNTech vaccine as of August 25, 2021. (Doc. 169, Attach. 1 at 29, 32.) In light of the fact that Defendant is vaccinated against COVID-19, Defendant's "probability of becoming ill from COVID-19 is significantly diminished . . . ." United States v. Doostdar, No. 18-0255 (PLF), 2021 WL 429965, at *3 (D.D.C. Feb. 8, 2021); United States v. Smith, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) ("Accordingly, absent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)."). Consequently, the Court declines to find that Defendant's mental illness or medical

---

[2] "To the extent that [Defendant] seeks to challenge his conditions of confinement, . . . § 3582(c) is not the proper vehicle to do so. Rather, such claims are properly raised in a civil rights action under 42 U.S.C. § 1983." United States v. Hernandez-Miranda, No. 21-13178, 2022 WL 1113122, at *2 n.6 (11th Cir. Apr. 14, 2022).

5

condition qualifies as an extraordinary and compelling reason justifying compassionate release.

Throughout Defendant's motion, he briefly mentions several other grounds as potential extraordinary and compelling reasons warranting relief. Each of those is equally unavailing. Defendant mentions the fact that he is 28 and has completed 70 percent of his sentence; his age at the time of the commission of the crimes; and an error in calculating his sentencing guidelines. (Doc. 168 at 1.) None of these circumstances fall into any of the categories of extraordinary and compelling circumstances enumerated in § 1B1.13 n.1(A)-(C), and the catch-all provision does not grant discretion to courts to develop other reasons that might justify a reduction in a defendant's sentence. Finally, to the extent Defendant contends COVID-19 is a ground in and of itself (id.), "COVID-19 itself [is] not an extraordinary and compelling reason to warrant a sentence reduction" because the Court is "bound by the policy statements in § 1B1.13[.]" United States v. McChristian, 851 F. App'x 1024, 1025 (11th Cir. 2021) (per curiam).

## CONCLUSION

Accordingly, because Defendant failed to exhaust his administrative remedies and none of Defendant's arguments qualify as extraordinary and compelling reasons warranting compassionate release, Defendant's motion (Doc. 168) is **DENIED**.

SO ORDERED this 12th day of May 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA